**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

UNITED STATES OF AMERICA,

      v.

BENJAMIN STASKO,

      Defendant.

CASE NO.: 2:20-cr-43

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Benjamin Stasko's Motion for

Psychiatric and Psychological Examination pursuant to 18 U.S.C. §4241(b).  Doc. 8.  Based on

the entire record in this case, including a report prepared and submitted by Morgan A. Hill,

M.A., Predoctoral Intern, and Ashley K. Christiansen, Ph.D. ("Hill/Christiansen Report"), doc.

49, I find Mr. Stasko is currently capable of understanding the charges against him and

meaningfully consulting with his attorney about his defense.  Therefore, I **RECOMMEND** the

Court find Defendant Stasko competent to stand trial and proceed with this case.

## BACKGROUND

The United States charges Mr. Stasko by way of Indictment with Count One: Willful

Threat to Kill Using Fire or Explosive, 18 U.S.C. § 844(e), and Count Two: Interstate

Transmission of a Threat to Injure, 18 U.S.C. § 875(c).  Mr. Stasko appeared for his initial

appearance and arraignment on an underlying Complaint, Case 2:20-mj-16 on July 17, 2020.

Defendant was later indicted in this matter on August 5, 2020.  Doc. 2.  Defendant's counsel

filed a Motion for Psychiatric and Psychological Examination of Defendant on August 5, 2020.
Doc. 8.  Defendant also filed a Notice of Insanity Defense.  Doc. 7.

The Court conducted a hearing on the Motion on August 18, 2020.  After hearing from
the parties, it was ordered that Defendant would be committed to BOP for a psychological
examination.  Specifically, the Court issued an order based on 18 U.S.C. § 4247(b) and (c)
granting defense counsel's motion and ordering that Mr. Stasko be evaluated by a psychiatrist or
psychologist under 18 U.S.C. §§ 4247(b) and (c).  Doc. 16.  The Court included in its Order, doc.
16, that Defendant be examined in accordance with 18 U.S.C. § 4242(a) to determine whether
Defendant was insane at the time of committing the alleged offenses.  Defendant filed notice in
accordance with Rule 12.2 of the Federal Rules of Criminal Procedure that he intended to relay
on an insanity defense.  Doc. 7.

Defendant was evaluated by Dr. Haley Wentowski, Psy.D., Forensic Psychologist with
the Federal Bureau of Prisons Federal Medical Center in Lexington, Kentucky from September
28, 2020 to November 19, 2020.  Dr. Wentowski provided a report of her evaluation to the
Court.  Doc. 26.  In her report, Dr. Wentowski explained that, in her opinion, Mr. Stasko was
then suffering from a mental disease or defect rendering him mentally incompetent to the extent
he is unable to rationally understand the nature and consequences of the proceedings against him
or properly assist in his defense.  Dr. Wentowski went on to recommend that Mr. Stasko be
committed for psychiatric intervention in hopes that Mr. Stasko would attain the capacity to
permit a trial to proceed in the foreseeable future.

On December 22, 2020, the parties filed a Joint Motion for a Finding of Incompetence
and Order of Commitment.  Doc. 29.  The Court conducted a hearing on the motion on February

9, 2021.  After hearing from the parties, the Court Ordered Defendant to be committed to the custody of the Attorney General for hospitalization for treatment, including psychiatric intervention, for a reasonable period of time, not to exceed four months, as it was necessary to determine whether there was a substantial probability that in the foreseeable future Defendant would be able to attain the capacity to stand trial.  Doc. 33.  On August 17, 2021, the Court Ordered Defendant's hospitalized treatment to conclude no later than November 12, 2021 and ordered those treating Defendant to provide a report to the Court.  Doc. 48.

Morgan A. Hill, M.A., Predoctoral Intern, Ashley K. Christiansen, Ph.D., Forensic Psychology, and Dr. Sarrazin, M.D., Chief of Psychiatry evaluated Mr. Stasko from July 14, 2021 to November 14, 2021 and provided a report of their evaluations to the Court.  Doc.  49.  In their report, Ms. Hill and Dr. Christiansen explained that, based on their evaluations, they were of the opinion that Defendant's competence was restored, and, at the time of the report, Defendant was able to understand the nature and consequences of the proceedings against him and assist properly in his defense, and, therefore, competent to stand trial.  M

The parties filed a Stipulation with the Court on December 27, 2021, doc. 51, stating there were no objections to the Hill/Christiansen Report and stipulating to the findings and conclusions described in the report.  Although the Defendant filed a Notice of Insanity Defense, doc. 7, and the Court Ordered that a sanity evaluation be conducted in its Order dated August 21, 2021, doc. 16, Defendant was returned from BOP custody prior to any sanity evaluation occurring.  At this time, Defendant maintains his right to assert an insanity defense and reserves the right to seek a psychological evaluation related to that defense.

The Court conducted a Competency Hearing on January 4, 2022.  At the hearing, all parties confirmed their agreement that Defendant's competency has been restored and that he remains competent to stand trial.  At the hearing, the Court ordered the parties to file a notice within thirty days of the hearing stating whether Defendant seeks a sanity evaluation.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]"  United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence.  Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'"  Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky

v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479

(11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial;

rather, the evidence must indicate a present inability to assist counsel or understand the charges."

Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).  Thus, "the mere presence of a

mental disease or defect is not sufficient to render a defendant incompetent . . . ."  United States

v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing

United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)).  "Incompetency to stand

trial is not defined in terms of mental illness.  As such, a defendant can be competent to stand

trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial

without being mentally ill."  United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5

(M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Ms. Hill and Dr. Christensen formed the opinion that Mr.

Stasko is currently competent to stand trial in this case.  Ms. Hill and Dr. Christensen reached

this conclusion after observing and speaking with Mr. Stasko, reviewing his medical records and

criminal history, and conducting various tests.  There is no evidence in the record that contradicts

Ms. Hill's and Dr. Christensen's conclusions.  Indeed, at this point, neither Mr. Stasko nor the

Government dispute Mr. Stasko's competency.  While the undersigned had reasonable cause to

believe Mr. Stasko may have suffered from a mental disease or defect at the time I ordered Mr.

Stasko's competency evaluation, Ms. Hill and Dr. Christensen's thorough evaluation and the

lack of any contradictory evidence have removed any concerns or doubt about Mr. Stasko's

competency.  The undersigned agrees with Ms. Hill's and Dr. Christensen's conclusion that Mr.

Stasko understands the nature and consequences of the charges against him, can properly assist in his defense, and, therefore, is competent to stand trial.  I, therefore, **RECOMMEND** the Court find that Mr. Stasko is competent to stand trial and proceed.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. Stasko competent to stand trial and proceed with this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon the parties.

        **SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of January ,

2022.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA