**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) CASE NO.: 2:20-cr-00043 |
| BENJAMIN STASKO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## SENTENCING MEMORANDUM

Through counsel, the Defendant BENJAMIN STASKO files the following Sentencing

Memorandum ("Memorandum"), setting forth factors that the Court should consider in

determining what type and length of sentence is sufficient.  The Memorandum incorporates by

reference all factual and background information as set forth in the Presentence Investigation

Report ("PSR") and attached Addendum in mitigation of, and request for, any and all further

leniency from the Court.

## 3553 FACTORS IN MITIGATION OF SENTENCE

In United States v. Booker, the United States Supreme Court held that the federal

sentencing guidelines were "effectively advisory."  United States v. Booker, 125 S. Ct. 738, 757

(2005).  Under Booker, sentencing courts must treat the guidelines as one of many sentencing

factors set forth in 18 U.S.C. §3553(a).  The primary purpose of Section 3553(a) is for

sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set for the in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§3553(a)(1));

(2) "the kinds of sentences available" (§3553(a)(3));

(3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§3553(a)(6)); and

(4) "the need to provide restitution to any victims of the offense." (§3553(a)(7)).

Other statutory sections also give sentencing court direction in sentencing, including 18 U.S.C. §3661, under which "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Therefore, the Defendant asks this Court for a sentence of 10 months with credit for time served in consideration of the following evidence submitted as it relates to the sentencing factors set forth in §3553(a):

**a. Defendant Characteristics and Offense Conduct.**

Mr. Stasko suffers from several mental health conditions which include a diagnosis of "unspecified schizophrenia spectrum and other psychotic disorder."[1] Although these conditions were not so severe that Mr. Stasko was not aware of the wrongfulness of his actions at the time of his offense, they were significant enough that Mr. Stasko was initially deemed incompetent to stand trial in this case.  (See Docs. 29, 31, 32; PSR ¶ 4).  Given some of the delusional thinking associated with the offense conduct, Mr. Stasko's untreated mental health conditions may very well have contributed to his actions.  In addition, Mr. Stasko admittedly has substance abuse issues, which may have exacerbated his mental health symptoms at the time of the offense.

Mr. Stasko's threats, though serious enough to warrant investigation, were not credible enough to warrant any significant disruptions to the operations of the IRS building in New York. (See PSR ¶ 11).  He has no appreciable criminal history or history of violence.

**REQUEST FOR SENTENCE OF TEN MONTHS**

Considering the foregoing factors, Mr. Stasko respectfully requests a sentence of 10 months with credit for time served, which is "sufficient, but not greater than necessary, to comply with the purposes set forth in [Section 3553(a)(2)]."

**REQUEST FOR ONE YEAR OF SUPERVISED RELEASE**

Mr. Stasko, by the time he is sentenced, will have been in custody for over twenty-one months, well over the guideline maximum.  Because Mr. Stasko will have overserved his sentence if this Court sentences him anywhere within the guideline range, he respectfully

---

[1] Forensic Psychological Report (Doc. 26, Page 8).

requests that this Court sentence him to one year of supervised release rather than the three years recommended by the United States Probation Office.  One year would be sufficient to ensure that Mr. Stasko is complying with the terms of supervised release, especially those conditions that relate to substance abuse treatment and mental health treatment.

## REQUEST FOR PLACEMENT

Should this Court sentence Mr. Stasko to a prospective term of imprisonment, he requests a recommendation from this Court to the Bureau of Prisons that he be allowed to serve his sentence in a facility as close to Georgia as possible.

## CONCLUSION

For the foregoing reasons, Mr. Stasko respectfully submits that the factors under §3553 discussed above warrant a sentence of **10 months**.  Mr. Stasko further requests a one-year term of supervised release.  Mr. Stasko also respectfully requests a recommendation from this Court to the Bureau of Prisons for placement along the lines discussed above should this Court sentence him to a prospective term of imprisonment.


Respectfully submitted this 10th day of August, 2022.


/s/ Scott G. Reddock
Scott G. Reddock
Georgia Bar No. 476162
Attorney for the Defendant

Scott G. Reddock
Attorney at Law, LLC
111 West Court St.
Suite B

Hinesville, Georgia 31313
Phone: (912) 332-7077
Fax: (912) 332-7179

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel listed below in this case by

electronic mail with the foregoing pleading:

Greg Gilluly
Assistant United States Attorney

Respectfully submitted this 10th day of August, 2022.

/s/ Scott G. Reddock
Scott G. Reddock
Georgia Bar No. 476162
Attorney for the Defendant

Scott G. Reddock
Attorney at Law, LLC
111 West Court St.
Suite B
Hinesville, Georgia 31313
Phone: (912) 332-7077
Fax: (912) 332-7179